[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISQUALIFY
The defendants, Michael Konover, Victoria Konover, Abington Limited Partnership, and VMK, Inc. have moved to disqualify the law firm of Pepe Hazard as counsel for the plaintiff, the Talcott Mountain Science Center for Student Involvement, Inc. (the "Science Center")on the grounds that there is a conflict of interest under Rule 1.9 of the Rules of Professional Conduct. The alleged conflict of interest arises out of Louis Pepe's review of one AIA standard form contract for Michael Konover and one meeting between Konover and Pepe in 1989. Although the parties to this suit have been adversaries in multiple lawsuits since 1989, and Pepe Hazard has represented the Science Center in three of CT Page 197-A those lawsuits, Konover has waited until June, 1996 to assert the claimed conflict of interest.
FACTUAL BACKGROUND
Attorney Robert C. Hunt, Jr., a partner in Pepe Hazard, is one of the founders of the Science Center. He has served on its Board of Trustees since 1970, including as its Chairman from 1980 through 1989. Attorney Hunt has served as the General Counsel of the Science Center since 1970.
The Science Center owns several large parcels of property on Talcott Mountain in the towns of Avon and Bloomfield, Connecticut. In 1987 Abington Limited Partnership purchased property which was near or adjacent to the aforementioned property of the Science Center (the "Abington Property").
Since October, 1989 Abington Limited Partnership, which is controlled by Michael Konover, has instituted five separate actions against the Science Center. Pepe Hazard represented the Science Center in the second, third and fourth actions, which involved a building permit, utility easement, and use permit, respectively. Pepe Hazard also represents the Science Center in the present action for vexatious litigation.
In June of 1989 Michael Konover approached Pepe Hazard to CT Page 197-B review a certain AIA Construction Contract that was then under negotiation between Konover and a general contractor for the construction of Konover's personal residence at 255 Montevideo Road, Avon, Connecticut. On August 7, 1989 Konover and Louis Pepe had their first and only meeting to discuss the nature and extent of the legal services to be performed with respect to that contract. Thereafter, Attorney Pepe reviewed and revised the aforementioned contract and submitted a revised draft to Konover. According to Konover, he was well aware of the relationship between the Science Center and Pepe Hazard at the time of the meeting with Attorney Pepe.
The defendants claim that during the course of their one meeting in 1989 Konover disclosed confidential information to Attorney Pepe. The nature of the information was that Konover originally thought he would subdivide the Abington Property and sell some of it, but he became so enamored of it that he decided to keep it. The "confidential" information conveyed to Attorney Pepe was, then, Konover's intention to develop the property adjacent to his residence and near Science Center Property for commercial purposes. It appears that the relationship of this information to the present suit for vexatious litigation is as follows: in all of the lawsuits they have brought against the Science Center the Konovers and Abington have taken the position that they are trying to preserve the bucolic, pastoral nature of CT Page 197-C the subject property, when, in realty, they really want to develop it for commercial use.
The plaintiff has pointed out that the defendants' present or former intentions with respect to the commercial development of the property are evident from sources other than information imparted to Attorney Pepe by Michael Konover. Abington Limited Partnership's predecessor acquired the property in question as an investment by swapping like-kind commercial property in Abington, Massachusetts. In January, 1988 a so-called "Montevideo Master Plan" was prepared for Abington showing development of a large portion of the Abington Property for condominiums. In September and November, 1987, Michael Konover, and his wife, Victoria Konover, testified before the Avon Planning and Zoning Commission in favor of a development proposed for the southerly end of Montevideo road and specifically reserved their right to subdivide part of the Abington Property.
THE LAW
The Courts have a responsibility to control the conduct of attorneys practicing before them. See Bergeron v.Mackler, 225 Conn. 391, 397, 623 A.2d 489 (1993). The Trial Court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding CT Page 197-D attorneys. Bergeron v. Mackler, supra, citing State v.Jones, 180 Conn. 443, 448, 429 A.2d 936 (1980).
In Connecticut the conduct of attorneys is regulated by the Rules of Professional Conduct which were approved by the judges of the Superior Court and which have superseded the Code of Professional Responsibility. Williams v. Warden, 217 Conn. 419,432, n. 5, 586 A.2d 582 (1991).
Rule 1.9 of the Rules of Professional Conduct provides:
 A lawyer who has formerly represented a client in a matter shall not thereafter:
 (a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
 (b) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.
A party moving for disqualification has the burden of proving CT Page 197-E that each disqualification is warranted, and that the matters involved in the case are substantially related to the matters previously handled for the former client. Prisco v. WestgateEntertainment, Inc., 799 F. Sup. 266, 269 (D.Conn. 1992). The Rule requires disqualification only upon a showing that the relationship between the issues in the prior and present cases is "patently clear" or when the issues are identical or essentially the same. Bergeron v. Mackler, supra, at 399, citing Governmentof India v. Cook Industries, Inc., 569 F.2d 737, 739-40 (2d Cir. 1978).
The issues involved in Attorney Pepe's representation of Konover in 1989 and those in the present case are not substantially similar, nor are they even marginally similar. Moreover, the information which Konover claims was confidential was clearly not confidential.
Even if there was a colorable basis for the Motion to Disqualify, the defendants have clearly waived their right to object to Pepe Hazard's representation of the Science Center. Waiver is a valid basis for denying a motion to disqualify when a former client knowingly refrains from promptly asserting its objection to an attorney representing an opposing party on the ground of conflict of interest. Fiddelman v. Redmon,31 Conn. App. 201, 213-14, 623 A.2d 1064 (1993); Knights of ColumbusCT Page 197-FFederal Credit Union v. Salisbury., 3 Conn. App. 201, 205,486 A.2d 649 (1985).
The defendants waited more than a year after the commencement of this action to make the Motion to Disqualify. Moreover, they have not moved to disqualify Pepe Hazard in the three prior cases in which that firm represented the Science Center.
For the reasons set forth above the Motion to Disqualify is denied.
By the court,
Aurigemma, J.